IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 05-cv-01749-WYD

ALEJANDRO LOPEZ-JURADO,

    Applicant,

v.

AL ESTEP, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant Alejandro Lopez-Jurado is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado.  Mr. Lopez-Jurado has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state conviction and sentence.  On December 30, 2005, I ordered Respondents to file an answer to the habeas corpus application.  On January 13, 2006, Respondents filed their answer.  On February 23, 2006, Mr. Lopez-Jurado filed a traverse to Respondents' answer.

    I must construe the application and other papers filed by Mr. Lopez-Jurado liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the

reasons stated below, the habeas corpus application will be denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Lopez-Jurado was convicted in the Denver District Court in 1998 of second degree murder and he was sentenced to thirty-five years in prison.  The Colorado Court of Appeals affirmed the judgment of conviction on direct appeal.  *See People v. Lopez-Jurado*, No. 98CA1131 (Colo. Ct. App. Nov. 26, 1999) (not selected for publication).  On April 24, 2000, the Colorado Supreme Court denied Mr. Lopez-Jurado's petition for writ of certiorari on direct appeal.

On August 29, 2000, Mr. Lopez-Jurado filed in the trial court a post-conviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  The trial court denied that motion in an order filed on November 9, 2000.  On December 12, 2000, Mr. Lopez-Jurado filed in the trial court a post-conviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  Counsel was appointed to represent Mr. Lopez-Jurado and on September 3, 2002, counsel filed an amended Rule 35(c) motion.  On March 27, 2003, the trial court denied relief in the Rule 35(c) proceedings.  On September 23, 2004, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion.  *See People v. Lopez-Jurado*, No. 03CA0861 (Colo. Ct. App. Sept. 23, 2004) (not selected for publication).  Mr. Lopez-Jurado did not file a petition for writ of certiorari in the Rule 35(c) proceedings.  On December 3, 2004, the Colorado Court of Appeals issued its mandate.  On August 30, 2005, this Court received the instant action for filing.

Mr. Lopez-Jurado asserts nine claims for relief in the instant action.  He claims

that:

1. He was denied due process because there was insufficient evidence to support his conviction for second degree murder.

2. He was denied due process because the trial court denied his motion for severance.

3. He was denied due process because the trial court refused to issue a limiting instruction regarding evidence that was admissible against his co-defendant but inadmissible against him.

4. He was denied due process because the trial court refused to instruct the jury on the lesser non-included offense of conspiracy.

5. He was denied due process because the trial court allowed his co-defendant's videotaped statement to be admitted as rebuttal evidence by the prosecution.

6. He was denied due process because the trial court failed to clarify for the jury whether silence could constitute an act of encouragement for the commission of a crime.

7. He was denied due process because the trial court failed to suppress his statement to the police based on a lack of probable cause for his arrest.

8. He was denied due process because the trial court summarily denied his claim seeking specific performance of a plea agreement.

9. Counsel on direct appeal was ineffective.

## II.  TIMELINESS OF THE APPLICATION

Respondents first contend in their answer that the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d)(2).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents somehow argue that Mr. Lopez-Jurado's conviction became final on February 24, 2000, two months before the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal. The correct date on which Mr. Lopez-Jurado's conviction became final is July 24, 2000, when the time for filing a petition for writ of certiorari in the United States Supreme Court on direct appeal expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Pursuant to § 2244(d)(2), the one-year limitation period was tolled from August 29, 2000, through November 9, 2000,

while Mr. Lopez-Jurado's Rule 35(b) motion was pending in the trial court and from December 12, 2000, through December 3, 2004, while the proceedings relevant to his Rule 35(c) motion were pending in the state courts. I reject Respondents argument that the time during which the Rule 35(b) motion was pending did not toll the one-year limitation period. *See Robinson v. Golder*, — F.3d —, 2006 WL 806301 (10th Cir. Mar. 30, 2006) (holding that motion pursuant to Rule 35(b) of Colorado Rules of Criminal Procedure tolls the one-year limitation period).

Based on these dates, the thirty-five days after Mr. Lopez-Jurado's conviction became final on July 24, 2000, and before he filed his Rule 35(b) motion on August 29, 2000, count against the one-year limitation period. The thirty-two days after the Rule 35(b) motion was denied on November 9, 2000, and before the Rule 35(c) motion was filed on December 12, 2000, also count against the one-year limitation period. Finally, the 269 days after the state court proceedings pertinent to the Rule 35(c) motion concluded on December 3, 2004, and before the Court received the instant action for filing on August 30, 2005, count against the one-year limitation period. In total, 336 days count against the one-year limitation period. As a result, I find that the instant action is timely.

### III.  EXHAUSTION OF STATE REMEDIES

Respondents next argue that Mr. Lopez-Jurado has failed to exhaust state remedies for all of his claims. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective

to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Even if state remedies properly have been exhausted as to one or more of the claims presented, the habeas corpus application is subject to dismissal as a mixed petition unless all of the claims properly have been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Lopez-Jurado has failed to exhaust state remedies for all nine of his claims. Respondents specifically argue that, although Mr. Lopez-Jurado's first seven claims in this action were raised in the Colorado Court of Appeals on direct appeal, only the second and third claims were raised in his petition for writ of certiorari to the Colorado Supreme Court and even those claims were not raised as federal constitutional claims. Respondents also argue that Mr. Lopez-Jurado's eighth and ninth claims, which were raised in his post-conviction Rule 35(c) motion, are not exhausted because Mr. Lopez-Jurado did not seek review in the Colorado Supreme

Court after the Colorado Court of Appeals affirmed the denial of his Rule 35(c) motion. Finally, Respondents contend that all of Mr. Lopez-Jurado's claims are procedurally barred because he has procedurally defaulted those claims in state court.

Mr. Lopez-Jurado concedes in his traverse that he has not exhausted state remedies for all of his claims.  However, he argues that he has submitted a mixed petition and he asks me to hold this action in abeyance while he returns to state court to exhaust the unexhausted claims.  Mr. Lopez-Jurado also states in his traverse that he is withdrawing claims two through eight in the application.  It is not clear whether these are the claims that Mr. Lopez-Jurado intends to exhaust upon his return to state court because he never identifies which of his claims he believes are exhausted and which claims are not.  If Mr. Lopez-Jurado has submitted a mixed petition, I have discretion under certain limited circumstances to stay the proceedings and hold this action in abeyance to allow Mr. Lopez-Jurado to return to state court to exhaust the unexhausted claims.  *See Rhines v. Weber*, 125 S. Ct. 1528 (2005).

I need not address whether Mr. Lopez-Jurado can demonstrate circumstances that would justify holding this action in abeyance while he returns to state court to exhaust the unexhausted claims because I find that Mr. Lopez-Jurado has not submitted a mixed petition.  I agree with Respondents that Mr. Lopez-Jurado has failed to exhaust state court remedies for all nine of the claims raised in the application.  The second and third claims in the application are the only claims that arguably could be exhausted because those are the only claims that Mr. Lopez-Jurado raised in the Colorado Supreme Court.  However, those claims are not exhausted because they

Case 1:05-cv-01749-WYD   Document 28   Filed 05/18/06   USDC Colorado   Page 8 of 9

were not raised as federal constitutional claims.

In order to satisfy the fair presentation requirement, the "substance of a federal habeas corpus claim" must have been presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Mr. Lopez-Jurado failed to raise his second and third claims in the state courts as federal constitutional claims.

The next question to be resolved is whether the instant action is procedurally barred as Respondents contend. Respondents maintain that Mr. Lopez-Jurado has procedurally defaulted his claims under state law because the three-year period for filing a post-conviction Rule 35(c) motion in state court has expired and any Rule 35(c) motion he does file also would be barred as successive.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Lopez-Jurado's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Lopez-Jurado argues in his traverse that he has not procedurally defaulted his claims and that he still may raise his claims in state court in a post-conviction motion.  He specifically argues that he can demonstrate justifiable excuse or excusable neglect for not raising his claims earlier and that special circumstances exist to warrant raising his claims in a successive state court application.  Because Mr. Lopez-Jurado insists that he still can exhaust his claims in state court, I will not dismiss the instant action as procedurally barred.  Instead, I will dismiss this action without prejudice for failure to exhaust state court remedies.  Accordingly, it is

ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  May 18, 2006

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          U. S. District Judge